UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH M. ELMER,

                Plaintiff,                DECISION & ORDER

     -vs-                             09-CV-6505CJS

BRIAN FISCHER, et al.,

                Defendants.
_____

**APPEARANCES**

For plaintiff:                 Michael A. Sciortino, Esq.
                                  Chamberlain, D'Amanda, Oppenheimer & Greenfield
                                  1600 Crossroads Building
                                  Two State Street
                                  Rochester, NY 14614

For defendants:           J. Richard Benitez, A.A.G.
                                  NYS Attorney General's Office
                                  Department of Law
                                  144 Exchange Boulevard
                                  Rochester, NY 14614

**INTRODUCTION**

    **Siragusa, J.** Plaintiff Joseph M. Elmer ("Plaintiff") a prison inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against DOCCS employees ("Defendants") for alleged violations of his First and Eighth Amendment Constitutional rights stemming from events that occurred while he was in-

carcerated at Attica Correctional Facility ("Attica"). Compl., Oct. 5, 2009, ECF No. 1.

Defendants have moved to dismiss the complaint on the grounds that Plaintiff's official capacity claims are barred by the Eleventh Amendment and that Plaintiff failed to allege personal involvement by the supervisory Defendants in the alleged Constitutional violations. Def. Mem. at 3-4, ECF No. 6-2. Following an application to appoint counsel, the Court assigned Michael A. Sciortino, Esq., to represent Plaintiff *pro bono* on October 29, 2010. ECF No. 12. Despite multiple extensions of time, Plaintiff's counsel has not submitted a response to Defendants' motion. ECF Nos. 14, 15, 18.

For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff is suing DOCCS employees Brian Fischer, Commissioner of DOCCS ("Commr. Fischer"); James T. Conway, Superintendent at Attica ("Supt. Conway"); and Corrections Officers J. Miller ("C.O. Miller") and C. Wegner ("C.O. Wegner"). The complaint alleges that on January 18, 2009, Plaintiff was leaving A-Block corridor to attend Catholic mass when he was stopped by C.O. Wegner, who stated, "No I.D., no chapel." Compl. at 3. When Plaintiff began to return to his cell, he was stopped by C.O. Miller, who had him place his hands against the wall and asked him why Plaintiff shook his head when C.O. Wegner instructed him to return to his cell. Plaintiff replied that he was disappointed, to which C.O. Miller responded by "[going] ballistic," and striking him in the left side of his face, knocking him to the ground. Compl. at 3.

The complaint further alleges that during the incident, C.O. Miller told Plaintiff, "Next time an officer tells you to do something, you don't shake your head." Plaintiff was then told to return to his cell. Before Plaintiff proceeded, C.O. Miller hit Plaintiff again, knocking the cap from his front left tooth and told him to "get the fuck out of [his] face." *Id.* Plaintiff claims that C.O. Miller is 6-feet tall and 245 pounds, and Plaintiff is five-foot-eight and 174 pounds.

Plaintiff's complaint indicates that he filed a grievance shortly after he returned to his cell. Following his grievance, Plaintiff claims that he was subjected to constant verbal and mental degradation, deprived of electricity and running water in his cell, and was denied meals. Because of the abuse, Plaintiff attempted suicide and was placed in the Intensive Care Unit at Warsaw Hospital for one week. When he returned to Attica, Plaintiff claims that the harassment continued. Finally, he states that he was forced to write a statement indicating that he fabricated the assault.

Plaintiff sets forth five causes of action, which can be characterized as follows: (1) C.O. Wegner violated Plaintiff's right to religious practice when he prevented Plaintiff from attending mass; (2) C.O. Miller subjected Plaintiff to excessive force when he struck Plaintiff twice; (3) C.O. Wegner failed to protect Plaintiff from the assault by C.O. Miller; (4) Supt. Conway exercised deliberate indifference and failed to protect Plaintiff from retaliation that he suffered following the filing of his grievance; (5) all Defendants failed to protect Plaintiff by not taking steps to investigate his grievance and by forcing him to write a statement that the assault did not occur. Compl. at 3-4.

## DISCUSSION

### *Motion to Dismiss Standard*

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief." *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 475 (W.D.N.Y. 2011). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

The plausibility standard applies to claims brought by *pro se* litigants. *Zucco*, 800 F. Supp. 2d at 475. "At the same time…a 'document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 476 (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to her lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F.Supp.2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the

defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Zucco*, 800 F.Supp.2d at 476 (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d at 214).

***Official Capacity Claims***

Defendants move to dismiss the complaint on the ground that Plaintiff's claims are barred by the doctrine of sovereign immunity. Def. Mem. at 3. Under the Eleventh Amendment, State officials can be sued in their official capacities for injunctive relief, but not for money damages. *See Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (noting that "*Kentucky v. Graham*, 473 U.S. 159, 169 (1985), holds that in a suit against state officials in their official capacities, monetary relief (unlike prospective injunctive relief) is generally barred by the Eleventh Amendment," though such immunity may be waived or abrogated in a particular case).

In his complaint, Plaintiff lists the individual Defendants, their titles, and indicates that he is suing them in their official capacities. *See* Compl. at 2. In a section entitled, "Relief Sought," Plaintiff states that is seeking money damages in the amount of $65,000.00 as well as declaratory/injunctive relief in the form of an apology and "administrative action to be taken against these prison officials so that this will not happen to another person in a similar situation." Compl. at 4. Thus, the claims for money damages with respect to Defendants in their official capacities must be dismissed.

Liberally construing the allegations in the complaint and the nature of the damages sought, it appears that Plaintiff intends that C.O. Miller and C.O. Wegner be sued in their individual capacities. *See Oliver Sch. Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir.

1991) (liberally reading a *pro se* litigant's complaint, a court can infer that a plaintiff intended to assert his claims for monetary damages against defendants in their individual capacities). He also alleges C.O. Miller's and C.O. Wegner's personal involvement in the alleged constitutional deprivations arising under the First and Eighth Amendments, an issue which is relevant only to personal capacity claims. *Shabazz v. Cuomo*, No. 93 CIV. 7692, 1996 WL 445363, *1 (S.D.N.Y. Aug. 7, 1996). Thus, the Eleventh Amendment does not bar Plaintiff's claims for declaratory or injunctive relief against Defendants in their individual and official capacities, nor his damages claims against Defendants in their individual capacities.

*Personal Involvement*

Alternatively, Defendants move to dismiss the claims against Commr. Fischer and Supt. Conway on the basis that Plaintiff fails to allege personal involvement. Def. Mem. At 3-4. Personal involvement is a prerequisite for the assessment of damages in a § 1983 action against supervisory officials in their individual capacities. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). It is well-settled that an individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the

defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference…by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[1]

Here, Plaintiff makes no mention of Commr. Fischer anywhere in the complaint other than naming him as a Defendant. Because there is no specific factual allegation against Commr. Fischer, Plaintiff has not alleged personal involvement in a constitutional violation. *See generally Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

With regard to Supt. Conway, Plaintiff states in conclusory fashion that Supt. Conway acted with deliberate indifference in "failing to protect [Plaintiff] and allowing [him] to be placed in the same position as that of which [he] was dealing before." Compl. at 4. However, no facts are alleged to support that allegation, and the Court cannot find any basis for a claim against Supt. Conway. *See Sowell v. Chappius*, 695 F. Supp. 2d 16, 19 (W.D.N.Y. 2010) ("plaintiff's conclusory allegation that Chappius failed to adequately supervise these officers to prevent the assault from occurring in the first place is utterly conclusory and unsupported by any factual allegations"); *Guarneri v. West*, 518 F. Supp. 2d 514, 518 (W.D.N.Y. 2007) ("it is clear that the claims against Spitzer and McLaughlin must be dismissed. Virtually nothing is mentioned about them in the com-

---

[1] "Following the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009), there is still disagreement among district courts in this Circuit as to whether all of the [five] '*Colon* factors' still apply. It is unclear whether *Iqbal* overrules or limits *Colon*, therefore, in the absence of contrary direction from the Second Circuit, the Court will continue to apply those factors." *Jackson v. Goord*, 2011 WL 4829850, *9, n. 21 (W.D.N.Y., Oct.12, 2011) (citations omitted)).

plaint, and it is plain that Guarneri's claims against them are premised solely on their supervisory positions. As stated, that is not enough."); *Barnes v. Henderson*, 490 F. Supp. 2d 313, 319 (W.D.N.Y. 2007) ("The complaint offers nothing more than this conclusory assertion, however, and alleges no *facts* in support of that assertion.").

Finally, with regard to the fifth cause of action alleging a failure to protect and investigate his grievance, Plaintiff fails to attribute this conduct to any particular Defendant. As such, Plaintiff fails to allege personal involvement by Commr. Fischer or Supt. Conway. *Scaggs v. New York Dep't of Educ.*, No. 06-CV-0799, 2007 WL 1456221 at *18 (E.D.N.Y. May 16, 2007) ("In plaintiffs' blanket allegations of supervisory liability against all defendants, they fail to indicate personal involvement by any of the named defendants. The complaint does not indicate the role of such defendants in failing to prevent constitutional violations.... Plaintiffs' conclusory allegations are insufficient to plead Section 1983 claims of supervisory liability as to the individually-named defendants."); *Bertuglia v. City of N.Y.*, 839 F. Supp. 2d 703, 723 n. 4 (S.D.N.Y. 2012) ("[i]t is insufficient for the plaintiffs to rely on group pleading against [these defendants] without making specific factual allegations [against them].").

Accordingly, Plaintiff has failed to sufficiently plead the personal involvement of Commr. Fischer and Supt. Conway, and any claims asserted against them in their individual capacities must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 6, is granted with respect to Commr. Fischer and Supt. Conway in their individual capacities and the claims for money damages against all Defendants in their official capacities. The motion is denied with respect to the remainder of the complaint.

IT IS SO ORDERED.

Dated: December 16, 2013
       Rochester, New York

            ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge